IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY L. LATTIMER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1236-M |
| | § | |
| STATE OF TEXAS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Anthony L. Lattimer, an inmate in the Allred Unit of the TDCJ-ID, has filed a combined civil rights complaint under 42 U.S.C. § 1983 and application for writ of habeas corpus under 28 U.S.C. § 2254 challenging various aspects of an unspecified state criminal conviction and the conditions of his confinement. A review of plaintiff's litigation history reveals that he has filed more than 45 lawsuits in the Northern District of Texas since his incarceration. Many of those cases were dismissed as frivolous, malicious, or for failure to state a claim. In 1997, after ignoring a warning that any future frivolous filings may result in the imposition of sanctions, plaintiff was barred from filing any civil actions in the Northern District of Texas without first obtaining permission from a district judge. *Lattimer v. State of Texas*, No. 7-97-CV-092-X, op. at 4 (N.D. Tex. Apr. 28, 1997). Since that order was entered, plaintiff has filed more than 25 civil actions without judicial approval.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re*

*Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority to levy sanctions in response to abusive litigation practices.  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period."  *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).  Appropriate sanctions may include monetary penalties and restrictions on the ability to file *in forma pauperis* without leave of court.  *Id.* (citing cases).

Plaintiff continues to file civil lawsuits in the Northern District of Texas without obtaining prior judicial approval.  Such conduct, which has occurred at least 25 times since plaintiff was sanctioned in 1997, warrants the imposition of additional sanctions.

### **RECOMMENDATION**

This case should be dismissed without prejudice for failure to comply with a court order requiring plaintiff to obtain permission from a district judge before filing any civil actions in the Northern District of Texas.  In addition, plaintiff should be sanctioned $100.00 and barred from filing any civil actions in federal district court until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 14, 2006.

                                        JEFF KAPLAN
                                        UNITED STATES MAGISTRATE JUDGE